Sam S. Shaulson (SS-0460)
sshaulson@morganlewis.com
Thomas A. Linthorst (TL-3345)
tlinthorst@morganlewis.com
Law Offices
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, New York 10178
(212) 309-6000 (Telephone)
(212) 309-6001 (Fax)
Attorneys for Defendant

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FREDRICK L. WINFIELD, ZULMA G. MUNIZ, JAMES STEFFENSEN and ADORAM SHEN, Individually And On Behalf Of All Others Similarly Situated,<br><br>                    Plaintiffs,<br><br>          v.<br><br>CITIBANK, N.A.,<br><br>                    Defendant | :<br>:<br>: **ELECTRONICALLY FILED**<br>:<br>: **Civ. A. No. 10-cv-7304 (JGK/MHD)**<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**REPLY MEMORANDUM OF LAW**
**IN FURTHER SUPPORT OF DEFENDANT'S**
**MOTION TO DISMISS**
<u>**AND TO STRIKE CLAIM FOR INJUNCTIVE RELIEF**</u>

Sam S. Shaulson (SS-0460)
Thomas A. Linthorst (TL-3345)
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue, New York, NY  10178
212.309.6000; 212.309.6001 (fax)
Attorneys for Defendant Citibank, N.A.
sshaulson@morganlewis.com
tlinthorst@morganlewis.com

## TABLE OF CONTENTS

INTRODUCTION ..................................................................................................................... 1

ARGUMENT .............................................................................................................................. 3

    A.    PLAINTIFFS' RECORDKEEPING CLAIM IS NOT COGNIZABLE AND CANNOT BE PURSUED UNDER ERISA SECTION 502(a)(3). .................... 3

    B.    PLAINTIFFS' ERISA BREACH OF FIDUCIARY DUTY CLAIM SHOULD BE DISMISSED BECAUSE CITIBANK IS NOT A FIDUCIARY AND THE TASKS ALLEGED ARE NOT FIDUCIARY DUTIES. ........................................................................................................................ 4

    C.    SHEN'S CALIFORNIA LAW CLAIMS ARE PARALLEL WITH THOSE IN DAVIS AND ARE PROPERLY DISMISSED UNDER COLORADO RIVER. ................................................................................................ 8

    D.    PLAINTIFFS HAVE NO STANDING TO ENJOIN ONGOING PAY PRACTICES AND CREDITING OF TIME. ............................................................. 10

# TABLE OF AUTHORITIES

## CASES

Abercrombie v. Andrew College,
  438 F. Supp. 2d 243 (S.D.N.Y. 2006)..................................................................................10

Ackoff-Ortega v. Windswept Pac. Entertainment Co.,
  98 F. Supp. 2d 530 (S.D.N.Y. June 5, 2000) ........................................................................10

Ashcroft v. Iqbal,
  129 S. Ct. 1937 (2009)............................................................................................................4

Ballaris v. Wacker Siltronic Corp.,
  No. 00-1627, 2002 WL 926272 (D. Or. Feb. 7, 2002) .......................................................5, 7

In re Bank of America Sec., Derivative & ERISA Litig.,
  -- F. Supp. 2d --, 2010 WL 3448197 (S.D.N.Y. Aug. 27, 2010) ...........................................5

Barrus v. Dick's Sporting Goods, Inc.,
  -- F. Supp. 2d --, 2010 WL 3075730 (W.D.N.Y. Aug. 5, 2010).......................... *passim*

In re Countrywide Finance Corp. Derivative Litigation,
  542 F. Supp. 2d 1160 (C.D. Cal. 2008) ..................................................................................9

Crocco v. Xerox Corp.,
  137 F.3d 105 (2d Cir. 1998)....................................................................................................8

In re Farmers Insurance Exh. Claims Representatives' Overtime Pay Litigation,
  MDL No. 33-1439, 2005 WL 1972565 (D. Or. Aug. 15, 2005)..........................................6, 7

Great South Bay Medical Care, P.C. v. Allstate Insurance Co.,
  204 F. Supp. 2d 492 (E.D.N.Y. 2002) ....................................................................................9

Henderson v. University of Pittsburgh Medical Ctr.,
  No. 09-187, 2010 WL 235117 (W.D. Pa. Jan. 11, 2010) .......................................................5

Kuznyetsov v. West Penn Allegheny Health System,
  No. 09-379, 2010 WL 597475 (W.D. Pa. Feb. 16, 2010)........................................................5

LePage v. Blue Cross & Blue Shield of Minn.,
  No. 08-584, 2008 WL 2570815 (D. Minn. June 25, 2008)...............................................5, 6, 7

Lockheed Corp. v. Spink,
  517 U.S. 882 (1996)............................................................................................................ 6-7

Maranda v. Group Health Plan, Inc., Bi, 07-4655,
    2008 WL 2139584 (D. Minn. May 20, 2008) ......................................................... 5, 6

Premick v. Dick's Sporting Goods, Inc.,
    No. 06-0530, 2007 WL 141913 (W.D. Pa. Jan. 18, 2007) .................................... 4, 5

Rosenberg v. International Bus. Machines Corp.,
    No. 06-0430, 2006 WL 1627108 (N.D. Cal. June 12, 2006) ................................. 6, 7

Smith v. Syndor,
    184 F.3d 356 (4th Cir. 1999) ................................................................................. 7, 8

Steavens v. Electric Data System Corp.,
    No. 07-14536, 2008 WL 3540070 (E.D. Mich. Aug. 12, 2008) ............................ 5, 6

Stickle v. SCI W. Market Support Ctr. LP, No. CV 08-083,
    2008 WL 4446539 (D. Ariz. Sept. 30, 2008) ......................................................... 6, 7

U.S. v. $79,000 in Acct. No. 2168050/674990 at Bank of New York,
    No. 96 CIV. 3493, 1996 WL 648934 (S.D.N.Y. 1996) ............................................ 10

Village of Westfield v. Welch's,
    170 F.3d 116 (2d Cir. 1999) ..................................................................................... 10

Zipp v. World Mortg. Co.,
    632 F. Supp. 2d 1117 (M.D. Fla. 2009) ............................................................. 5, 6, 7

## FEDERAL STATUTES and RULES

ERISA Section 209, 29 U.S.C. § 1059 ........................................................................ 1, 3

ERISA Section 502(a)(3), 29 U.S.C. § 1132(a)(3) ..................................................... *passim*

Fed. R. Civ. P. 12(b)(6) ..................................................................................................... 4

Fed. R. Civ. P. 8 ................................................................................................................ 4

**INTRODUCTION**

In its opening brief, Citibank demonstrated that Plaintiffs' factual assertions throughout the Complaint that they were misclassified as exempt from overtime were erroneous, and that each of the Plaintiffs was eligible for overtime, and each was paid overtime during their employment as Personal Bankers. In their opposition, Plaintiffs concede that these central factual assertions of misclassification – which are the basis of the Plaintiffs' claims for relief, their class definitions, and their claims that the case can proceed on a class and collective basis (see Complaint ¶¶ 6-9, 12-17, 22-23, 49, 53, 57, 61, 65, 69, 91, 99-100, 108-109) – are entirely erroneous, and will be retracted in an amended pleading. *See* Plaintiffs' Opposition ("Pls' Opp.") at 1 n.1. Therefore, this portion of Citibank's motion should be granted.

Citibank further demonstrated that Plaintiffs' effort to stretch their claims for overtime into ERISA violations have been repeatedly rejected by numerous courts, including the only court in the Second Circuit to have addressed the issue. See Barrus v. Dick's Sporting Goods, Inc., -- F. Supp. 2d --, 2010 WL 3075730, at *4, 12 (W.D.N.Y. Aug. 5, 2010) (dismissing plaintiffs' ERISA Section 502(a)(3) claims that defendants breached their fiduciary duty and committed recordkeeping violations by failing to credit plaintiffs' 401(k) plan for all time worked). None of the Plaintiffs' arguments is sufficient to save their ERISA claims. First, Plaintiffs cannot maintain an ERISA claim for allegedly failing to keep time records. Plaintiffs do not even address Citibank's argument that the records at issue are not required to be kept by ERISA, which alone is a sufficient basis to dismiss their claim. Plaintiffs argue instead that although there is no private right of action under ERISA's recordkeeping section (see ERISA Section 209, 29 U.S.C. § 1059), they should be able to pursue their claim through the catch-all equitable provision of ERISA Section 502(a)(3). Plaintiffs do not cite to a single case that recognizes their theory under ERISA Section 502(a)(3), and they do not attempt to distinguish Barrus, which squarely held that a claim

for alleged failure to keep accurate overtime records cannot be brought under Section 502(a)(3). Barrus, 2010 WL 3075730, at *12.

Plaintiffs' next attempt is to dress up their overtime claim as a breach of fiduciary duty claim under ERISA. Similar to their recordkeeping theory, however, Barrus and the other cases cited by Citibank rejected the idea that crediting hours worked is a fiduciary decision relating to a plan, rather than a decision relating to the company's business. The issue is not whether a business has the right to decide not to pay overtime when it is required by law (whether the theory is misclassification or off-the-clock work), but whether its decisions relating to overtime are fiduciary decisions relating to the ERISA plan. Courts have overwhelmingly concluded that such decisions are not fiduciary decisions relating to the ERISA plan as a matter of law.

In addition, the Court should dismiss the California state law class claims because identical claims involving the same putative California class of Personal Bankers has long been pending in a California court, and it is a waste of this Court's resources, and is prejudicial to Citibank, to re-litigate those identical claims in this case. In an effort to avoid abstention under Colorado River, Plaintiffs argue that the existence of their ERISA claim prevents this action from being parallel with the California action, and that the factors do not weigh in favor of abstention. However, the governing case law makes clear that additional claims in one action do not prevent actions from being parallel. Moreover, Plaintiffs' arguments regarding the Colorado River factors – such as suggesting that the federal forum in New York would be "just as convenient" for the California Plaintiff and putative California class to litigate their California claims – only confirm that abstention is appropriate.

Finally, Plaintiffs do not cite a single case to contradict the authority cited by Citibank demonstrating that, as former employees, Plaintiffs do not have standing to enjoin any allegedly

currently ongoing failure to properly record time and compensate for all hours worked. Accordingly, their prayer for such relief should be stricken.

## ARGUMENT

### A. PLAINTIFFS' RECORDKEEPING CLAIM IS NOT COGNIZABLE AND CANNOT BE PURSUED UNDER ERISA SECTION 502(a)(3).

Plaintiffs do not dispute that their recordkeeping claim is not cognizable under ERISA's recordkeeping section, ERISA Section 209(a)(1), and, therefore, they do not assert a claim under that section. Instead, Plaintiffs attempt to use the "catch-all" Section 502(a)(3) to enforce a violation of Section 209(a)(1) that is otherwise not available to them. Plaintiffs fail to address Citibank's arguments that the records at issue in this claim are not required to be kept under ERISA Section 209(a)(1), nor do they adequately address the case law holding that there is no cause of action under Section 502(a)(3) for failure to keep records. Plaintiffs do not discuss a single case that permits a cause of action for failure to keep records under Section 502(a)(3).

As noted in Citibank's opening brief, ERISA requires that an employer "maintain records with respect to each of his employees sufficient to determine the benefits due or which may become due to such employees." 29 U.S.C. § 1059(a). Because the Citigroup 401(k) Plan, which was incorporated into the Complaint by reference, calculates eligibility to make Plan contributions based on wages *actually paid to an employee in a calendar year* (see Citigroup 401(k) SPD at 6), records of time worked are not among the categories of records required to be maintained by ERISA (as explained in greater detail and with extensive authority in Citibank's original brief ("Def.'s Brief") at 5-7). Plaintiffs fail to address this argument in their opposition. Accordingly, Plaintiffs' recordkeeping claim should be dismissed on this basis alone.

Additionally, even if Plaintiffs could demonstrate that the Plan was required to keep the records at issue here, which they have not, they still do not have a private right of action to enforce

that requirement under ERISA Section 502(a)(3). Plaintiffs' argument, made without a single cite to any case law, is that because ERISA Section 502(a)(3) is a catchall provision, it can be used to enforce recordkeeping claims despite the fact that there is otherwise no private right to enforce the underlying statutory section. The authority directly on point in this Circuit, however, holds to the contrary. Namely, in Barrus, 2010 WL 3075730, at *4, 6, 12, plaintiffs brought a claim under ERISA Section 502(a)(3) alleging that the defendant's failure to keep records of hours that they worked "off-the-clock" violated ERISA's underlying recordkeeping provisions. The court recognized that ERISA Section 502(a)(3) only permits equitable relief, and even though plaintiffs claimed they were seeking to enjoin the defendant from failing to keep accurate records, it was in reality "a thinly-disguised claim for ERISA benefits" seeking amounts they claimed their "401(k) account was shortchanged as a result of Dick's failure to pay . . . certain amounts of overtime.'" Id. at *4, 12; see also Barrus Second Amended Complaint ¶¶ 309-310 [Docket No. 253]; see also Premick v. Dick's Sporting Goods, Inc., No. 06-0530, 2007 WL 141913 (W.D. Pa. Jan. 18, 2007) (same). The court accordingly dismissed the recordkeeping claims as a disguised claim for benefits, and the same should be done here.

      **B.**    **PLAINTIFFS' ERISA BREACH OF FIDUCIARY DUTY CLAIM SHOULD BE DISMISSED BECAUSE CITIBANK IS NOT A FIDUCIARY AND THE TASKS ALLEGED ARE NOT FIDUCIARY DUTIES.**

Plaintiffs first argue that whether a defendant has an ERISA fiduciary duty in a particular situation is a fact-based inquiry and is therefore not appropriate for a motion to dismiss. However, the question on this motion is whether Plaintiffs have pled facts raising a right to relief above a speculative level. If not, the motion should be granted. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1954 (2009) (Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions"); see also Barrus, 2010 WL 3075730, at *12 (dismissing ERISA breach of fiduciary duty claim under Rule 12(b)(6) because the actions alleged were not those of a fiduciary

as a matter of law).[1]  Here, the Plan documents state unequivocally that the Plans Administration Committee of Citigroup Inc. ("Committee"), is the Plan Administrator of the 401(k) Plan, not Citibank.  See 401(k) SPD at 35.  The Plan states that the Committee is the entity with the "power and discretion to determine eligibility for the plan, all plan benefits, and to resolve all questions pertaining to the administration, interpretation or application of all Plan provisions."  Id.  Accordingly, Citibank has no authority to deem a particular type of income eligible or non-eligible, as such is defined by the Plan and interpreted by the Plan Administrator.  Id.  Thus, because the only basis for Plaintiffs' allegation of fiduciary status – that "[u]pon information and belief, Defendant has exercised actual discretionary authority, responsibility and/or control in determining what compensation would and would not be credited as Eligible Compensation under the Citigroup Plan" (Compl. ¶ 82.) – is indisputably untrue based on the Plan documents, the breach of fiduciary duty claim should be dismissed.  See In re Bank of Am. Sec., Derivative & ERISA Litig., -- F.Supp.2d --, 2010 WL 3448197, at *12 (S.D.N.Y Aug. 27, 2010) (dismissing ERISA breach of fiduciary duty claims against the employer because plaintiffs' allegation that the employer was a fiduciary of the plans, stating upon information and belief that it executed documents giving it control over investments, was not plausible under Iqbal when there were no facts supporting that allegation, and the employer was not the named plan administrator based on plan documents incorporated by reference).

---

[1] In fact, the cases cited by Citibank on the ERISA breach of fiduciary duty issue were cases dismissing the claims under Rule 12(b)(6) because the actions alleged were not fiduciary actions as a matter of law.  See, e.g., LePage v. Blue Cross & Blue Shield of Minn., No. 08-584, 2008 WL 2570815, at *1, 5-7 (D. Minn. June 25, 2008); Steavens v. Elec. Data Sys. Corp., No. 07-14536, 2008 WL 3540070, at *1, 5-6 (E.D. Mich. Aug. 12, 2008); Ballaris v. Wacker Siltronic Corp., No. 00-1627, 2002 WL 926272, at *1-2 (D. Or. Feb. 7, 2002); Maranda v. Group Health Plan, Inc., Bi, 07-4655, 2008 WL 2139584, at *1-2  (D. Minn. May 20, 2008); Henderson v. Univ. of Pittsburgh Med. Ctr., No. 09-187, 2010 WL 235117, at *1-4 (W.D. Pa. Jan. 11, 2010); Zipp v. World Mortg. Co., 632 F. Supp. 2d 1117, 1120, 1124-25 (M.D. Fla. 2009); Premick, 2007 WL 141913, at *1-2, 7; Kuznyetsov v. West Penn Allegheny Health Sys., No. 09-379, 2010 WL 597475, at *1-2, 5-7 (W.D. Pa. Feb. 16, 2010).

Moreover, even assuming Citibank somehow had the discretionary authority to determine what would be eligible compensation under the Plan, Plaintiffs cite to only three district court decisions from outside this circuit (Arizona, Oregon, and California) for the proposition that the action at issue – crediting uncompensated hours worked – can be an ERISA fiduciary function: Stickle v. SCI W. Mkt. Support Ctr. LP, No. CV 08-083, 2008 WL 4446539, at *19 (D. Ariz. Sept. 30, 2008); In re Farmers Ins. Exh. Claims Representatives' Overtime Pay Litig., MDL No. 33-1439, 2005 WL 1972565 (D. Or. Aug. 15, 2005); and Rosenberg v. Int'l Bus. Machs. Corp., No. 06-0430, 2006 WL 1627108, at *3-5 (N.D. Cal. June 12, 2006).

In contrast, both the most recent decisions, and the majority of courts to address this issue have held that crediting hours is not a fiduciary function because it is not a decision made "with respect to a plan," and have rejected the reasoning of the cases relied upon by Plaintiffs here as unsound. For example, last year within this Circuit, Judge Siragusa rejected plaintiff's allegation that defendants breached an ERISA fiduciary duty by having a policy of failing to credit the hours that the non-exempt plaintiffs allegedly worked "off-the-clock." See Barrus, 2010 WL 3075730, at *11, 12 (W.D.N.Y. 2010) (rejecting Stickle and finding "unpersuasive" that defendants had a fiduciary duty to "investigate crediting overtime pay"); see also LePage, 2008 WL 2570815, at *7 (concluding that Rosenburg, Farmers, and similar decisions "did not adequately address whether there is a . . . fiduciary duty to investigate whether the employees had some legal claim to additional compensation" and "did not address the policy implications of recognizing such a sweeping fiduciary duty"); Maranda, 2008 WL 2139584, at *2 (rejecting reasoning in Rosenberg and Farmers). Similarly, the Zipp court also rejected the Stickle decision relied upon by Plaintiffs in favor of the reasoning espoused by LePage and Steavens. Zipp, 632 F.Supp. 2d at 1121-25.[2]

---

[2] The Stickle decision failed even to reference the LePage, Steavens, and Maranda decisions, and it was decided before the Zipp decision. Although it did reference the Ballaris decision, it failed to proffer any analysis of that decision. Indeed, the only decision relied upon by the Stickle court to conclude that crediting hours is a fiduciary function is Lockheed Corp. v.

Plaintiffs argue in footnote 6 of their brief that Citibank relies only on misclassification cases and that these rationales are not applicable to off-the-clock claims. This assertion is not true, as Barrus is an off-the-clock case, see 2010 WL 3075730, at *6, and it relies on the same rationales. Refusing to pay employees overtime, whether because of their classification as exempt, or a policy not to pay overtime to eligible employees for all time worked, is an action taken with respect to a business function, not a plan function.

In addition, for the reasons discussed in Citibank's original brief and in the recordkeeping section supra, even if crediting hours could be a fiduciary function with respect to certain plans, it cannot be with respect to the Citigroup 401(k) Plan here.[3] In light of the above authority, this Court should reject Plaintiffs' breach of fiduciary duty claim, as crediting hours worked is not a fiduciary function for which Defendant can be held liable under ERISA.

Finally, even if failing to credit hours worked could be a fiduciary function under the Citigroup 401(k) Plan, and even if a failure to credit hours was inconsistent with the terms of the Citigroup 401(k) Plan (neither of which are true), because Plaintiffs' claim does not seek equitable relief but is really a disguised claim for benefits, it should be dismissed for failure to exhaust plan remedies. In their opposition, Plaintiffs claim that the cases upon which Citibank relies do not support its arguments that the breach of fiduciary duty claims are really claims for benefits, but then disingenuously go on to discuss three cases (Smith, Drinkwater, and Weiner) that were never cited by Citibank. See Pls' Opp. at 7-8. Plaintiffs' main argument is that this case is akin to Smith v. Syndor, 184 F.3d 356, 363 (4th Cir. 1999), in which the court found a valid breach of fiduciary duty claim that need not be exhausted. However, in Smith, the defendants were alleged to have

---

Spink, 517 U.S. 882 (1996), which clearly does not stand for the proposition that the crediting of hours is a fiduciary function. See id. at 890 (finding that plan sponsors who alter terms of plan do not fall into category of fiduciaries but are analogous to settlors of a trust).

[3]  Where, as in this case, the Plan definitions encompass only amounts actually paid, failing to credit hours worked but unpaid cannot be a breach of fiduciary duty. See, e.g., Zipp, 632 F. Supp. 2d at 1124-25.

breached their fiduciary duty by self-dealing and selling certain assets of the 401(k) plan at a grossly undervalued price.  Id.  Plaintiffs were not seeking specific retirement benefits for individual plan participants, but were seeking remedies such as the rescission of the sale of the preferred stock which would benefit the plan as a whole.  Id.  Here, in contrast, Plaintiffs are seeking an injunction from the court that it "credit [each of the ERISA class members] with Eligible Compensation under the Citigroup Plan" – i.e., provide relief with respect to their individual 401(k) benefits.  Complaint ¶ 84.  Unlike Smith, this is a request for individual benefits and, therefore, is not cognizable under ERISA Section 502(a)(3).[4]

### C. SHEN'S CALIFORNIA LAW CLAIMS ARE PARALLEL WITH THOSE IN DAVIS AND ARE PROPERLY DISMISSED UNDER COLORADO RIVER.

In its opening brief, Citibank demonstrated that the California class claims at issue here have been pending in California state court for almost three years now, and that principles of judicial economy and abstention weigh against having a New York court litigate the duplicative California class claims.  In opposition, Plaintiffs argue that Colorado River abstention is not appropriate because there is no concurrent action.  Plaintiffs do not dispute that the California claims in this case are identical to those in the California action, but argue that the claims are not parallel because the Plaintiffs in this case have also brought ERISA claims.  (Pls' Opp. at 17.)  First, if Plaintiffs' ERISA claims are dismissed, they would provide no basis on which to retain the California claims.  Even if they are not dismissed, the "presence of different theories or causes of action does not destroy finding that claims are parallel, so long as the causes of action are

---

[4] Plaintiffs also argue that even if their claim is one for benefits, exhaustion should be excused because it would be futile, citing to Citibank's brief to suggest that Citibank would deny benefits.  Citibank, however, never took any position on what the outcome would be if Plaintiffs applied for additional 401(k) benefits.  In any event, Citibank is not the plan administrator, and its arguments do nothing to bind the plan administrator in determining participants' entitlement to 401(k) benefits.  See, e.g., Crocco v. Xerox Corp., 137 F.3d 105, 107-08 (2d Cir. 1998) (holding that only the designated plan administrator can be liable in a claim for ERISA benefits, and the employer cannot be responsible as a de facto administrator).

'comprised of the same essential issues.'" Great South Bay Med. Care, P.C. v. Allstate Ins. Co., 204 F. Supp. 2d 492, 497 (E.D.N.Y. 2002).  Here, the ERISA claims are duplicative of the underlying claims for overtime, so the presence of ERISA claims cannot destroy the parallel nature of the cases.  More importantly, unlike the cases cited by Plaintiffs, Citibank is not seeking abstention on the ERISA claims, only the duplicative California claims, so any ERISA claims are irrelevant to the analysis.  See In re Countrywide Fin. Corp. Derivative Litig., 542 F. Supp. 2d 1160, 1170 (C.D. Cal. 2008) (analyzing only the merger-related class action claims in determining actions were parallel, and not examining the derivative-action federal claims absent from the state case upon which the court would not abstain).

Plaintiffs also argue half-heartedly that the Colorado River factors do not support abstention, but their attempts simply confirm that the factors support abstention.  Citibank explained previously that all relevant factors support abstention as follows:  (1) the inconvenience of the federal forum in New York to California witnesses, (2) the need to avoid piecemeal litigation, (3) the fact that jurisdiction was obtained first in the California court, (4) the fact that state law supplies the rule of decision, and (5) the state court proceeding will adequately protect the rights of the party seeking to invoke federal jurisdiction on the California claims.  Plaintiffs offer no argument on three of the factors that weigh in favor of abstention – i.e., that jurisdiction was obtained first in California, that state law supplies of the rule of decision, and that state court proceedings will adequately protect the rights of the California Plaintiff on his California claims.

On the remaining two factors, Plaintiffs' arguments are illogical.  First, Plaintiffs make the absurd contention that this federal court in New York is "just as convenient" as a California state court for a Plaintiff and putative class that reside in California to adjudicate claims under

California law.  (Pls' Opp. at 19).  This argument does not survive its own articulation.[5]

As far as piecemeal litigation, Plaintiffs argue that if resolution of a state law claim is a necessary antecedent to resolution of the federal claim, abstention is inappropriate even where the state action is more advanced.  However, in the case cited by Plaintiffs, Ackoff-Ortega v. Windswept Pac. Entm't Co., 98 F. Supp. 2d 530, 538 (S.D.N.Y. June 5, 2000), the main reason given by the court for allowing piecemeal litigation was that a key defendant – Windswept – was not even a party to the state action, which is not an issue here.

There is no reason for this Court or the people of New York to bear the burden of adjudicating California claims that are already being litigated in a California court, nor should Citibank have to re-litigate those claims in this Court with the possibility of inconsistent results.  The Court should abstain from adjudicating the duplicative California claims.

### D. PLAINTIFFS HAVE NO STANDING TO ENJOIN ONGOING PAY PRACTICES AND CREDITING OF TIME.

Plaintiffs claim that former employees have standing to enjoin ongoing pay practices, but cite no authority in support of that proposition, or make any attempt to distinguish the authority cited by Citibank.  Because redressability is a constitutional requirement of Article III standing, this Court should strike any allegations seeking remedies that would not address Plaintiffs' harms, both for lack of standing and because they are immaterial.  See, e.g., U.S. v. $79,000 in Acct. No. 2168050/674990 at Bank of New York, No. 96 CIV. 3493, 1996 WL 648934 *2-3 , *9 (S.D.N.Y. 1996).

    Respectfully submitted,

    *s/ Sam S. Shaulson*
    Sam S. Shaulson (SS-0460)

---

[5] Not surprisingly, the case that Plaintiffs quote from – Village of Westfield v. Welch's, 170 F.3d 116, 122 (2d Cir. 1999) – is one in which the court held the federal forum was no less convenient than the state forum because both the state court and federal district court *were in New York*.  See also Abercrombie v. Andrew College, 438 F. Supp. 2d 243, 259 (S.D.N.Y. 2006) ("the federal forum is no less convenient than the state forum would be as both courts are located in New York City").

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Reply Memorandum Of Law In Further Support Of Defendant's Motion To Dismiss And To Strike Claim For Injunctive Relief was electronically filed with the Court and served via its ECF/CM system, on January 17, 2011, upon the following:

>Seth D. Rigrodsky, Esquire
>Brian D. Long, Esquire
>Timothy J. MacFall, Esquire
>RIGRODSKY & LONG, P.A.
>585 Stewart Avenue, Suite 304
>Garden City, NY  11530
>sdr@rigrodskylong.com
>tim@rigrodskylong.com
>bdl@rigrodskylong.com
>
>
>Gregory M. Egleston, Esquire
>EGLESTON LAW FIRM
>360 Furman Street, Suite 443
>Brooklyn, NY  11201
>egleston@gme-law.com
>greg.egleston@gmail.com
>
>*Attorneys for Plaintiff*

>　　　　　　　　　　*s/ Sam S. Shaulson*
>　　　　　　　　　　Sam S. Shaulson