C3R0WINC

```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x
     FREDERICK L. WINFIELD, et al,
 3             Plaintiff,
          v.                          10 CV 07304 (JGK)
 4   CITIBANK, N.A.,
               Defendant.
 5   ------------------------------x
     DIGNA RUIZ, et al,
 6             Plaintiff,
          v.                          10 CV 05950 (JGK)
 7   CITIBANK, N.A.,
               Defendant.
 8   ------------------------------x

 9                                    New York, N.Y
                                      March 27, 2012
10                                    2:43 p.m.

11   Before:

12                  HON. JOHN G. KOELTL,

13                                    District Judge

14                      APPEARANCES

15   RIGRODSKY & LONG, P.A.
          Attorneys for Plaintiff
16   BY:  Timothy John MacFall
          Gregory M. Egleston
17        Scott Jason Farrell
          Murielle Steven Walsh
18
     MORGAN LEWIS AND BOCKIUS, LLP
19        Attorneys for Defendant
     BY:  THOMAS ANTON LINTHORST
20

21

22

23

24

25
```

C3R0WINC

```
 1              (In open court)

 2              THE COURT:  Good afternoon, all.  Please be seated.

 3              MR. MacFALL:  Good afternoon, your Honor.  Timothy

 4    McFall, on behalf of the plaintiff.

 5              THE COURT:  I'm sorry?

 6              MR. MacFALL:  Timothy McFall on behalf of the

 7    plaintiffs in the Winfield case.

 8              THE COURT:  Okay, thank you.

 9              MS. STEVEN WALSH:  Good afternoon, your Honor,

10    Murielle Steven Walsh on behalf of plaintiff Ruiz.

11              MR. EGLESTON:  Good afternoon, your Honor, Gregg

12    Egleston, on behalf of plaintiffs.

13              MR. FARRELL:  Good afternoon, your Honor, Scott

14    Farrell, on behalf of plaintiffs.

15              MR. LINTHORST:  Good afternoon, your Honor, Thomas

16    Linthorst, on behalf of defendant.

17              THE COURT:  Okay, good afternoon.

18              The purpose of the conference today is just to talk

19    about a few differences on the notice.  There were about four

20    or five differences on the notice.  I wanted to call you in in

21    order to get this done as quickly as possible, so that the

22    notice can be sent out, because I know that the clock is

23    ticking.

24              Let me just make an observation.  There are not a lot

25    of issues here, there are just a few.  And I'm prepared to
```

C3R0WINC

1    decide them.  There are four attorneys for plaintiffs here.  I

2    realize that there are two cases, but I may eventually have to

3    approve, I don't know, an attorneys fee in this case.  Four

4    attorneys to deal with issues with respect to a notice are

5    thoroughly unnecessary.  There are two cases, so perhaps two

6    lawyers.  I hope, if I ever have to approve an attorneys fee, I

7    am never asked to approve attorneys fees for more than two

8    lawyers for a court conference.

9             Now, to deal with the issues on the notice.

10            The parties disagree with respect to the appropriate

11   length of time for the opt-in period.  The defendants say it

12   should be 60 days.  The plaintiff says it should be 90 days.

13   Courts in this circuit generally approve 60 days.  But if there

14   are special reasons, courts approve 90 days.

15            In this case, the plaintiffs make a fair argument that

16   the potential plaintiffs in the class may have left Citibank

17   and that there may be difficulty locating them, and the

18   potential difficulty justifies a 90 day opt-in period in this

19   case.  And I find that argument persuasive.

20            The second issue is the defendants want to add

21   additional language concerning the consequences of

22   decertification.  The plaintiffs have agreed to language

23   explaining that no final decision in the case has been made,

24   and that the case may later be decertified.

25            This language is sufficient to apprise potential

C3R0WINC

1    opt-ins of the possibility of decertification.  The additional

2    language proposed by the defendant is unnecessary, and could

3    prove confusing.

4           So, dealing with the language, which is at the bottom

5    on the first page of the proposed notice that was sent to me,

6    with the Pomerantz letter, I would, in the final paragraph on

7    that page, the second sentence of the final paragraph reads:

8           The Court has only made a preliminary determination

9    that personal bankers should receive notice of the action and

10   the opportunity to join.

11          You should add:  The collective action under the FLSA.

12          And then the next sentence is: No final decision has

13   been made and this case may later be decertified.

14          That's fine.  And there is no objection to that.

15          And the next sentence is unnecessary and should be

16   stricken, if this motion is later decertified, etc.

17          Okay.  The third issue, the defendant argues that the

18   collective action notice should not include language stating

19   that federal law prohibits retaliation by Citibank.  That's on

20   the third page of the notice under Section 7.  No retaliation

21   permitted.  That language is commonplace in collective action

22   notices, and is appropriate to ensure that current employees of

23   Citibank who may wish to opt-in are not deterred from

24   participating in the lawsuit.

25          Citibank objects that the language is unnecessarily

C3R0WINC

1    pejorative to Citibank.  It suggests that CitiBank somehow may

2    retaliate.  Citibank says it will never retaliate.  But the

3    language really doesn't imply that Citibank is going to

4    retaliate.  It simply provides the standard assurance to

5    employees that there will be no retaliation.  And so the

6    language is appropriate.

7         The fourth issue, is the issue of attorneys fees.

8    Again, on the third page, the defendant wants to include

9    language indicating that the plaintiff's counsel reserves the

10   right to request a certain percentage of any settlement

11   obtained, or money judgment entered, in the case.  The

12   plaintiffs object and want to put a period in the sentence

13   after attorneys fees.  So the plaintiffs would say:  Only if

14   there is a recovery, the attorneys for the main plaintiffs will

15   apply for Court approval for attorneys fees.

16        Some greater disclosure is appropriate.  More

17   information is appropriate so that plaintiffs can understand

18   what the nature of the potential attorneys fees are.  Is there

19   a retainer agreement that applies for the amount of the

20   percentage of attorneys fees that the plaintiffs are going to

21   seek?

22        MS. STEVEN WALSH:  Yes, your Honor.

23        THE COURT:  And what is it?

24        MS. STEVEN WALSH:  It's that we would seek no more

25   than a third of the recovery.

C3R0WINC

```
 1              THE COURT:  Okay.  Well, the defendant's proposal is
 2    not right, because the defendants propose that the language
 3    would say that the attorneys for the named plaintiffs will
 4    receive blank percentage of any settlement.
 5              MR. LINTHORST:  Your Honor, I just wanted to clarify.
 6    I think we had a -- the language we really seek is in our
 7    letter.  It didn't translate accurately to the notice.  So
 8    plaintiffs counsel reserve the right to request up to blank
 9    percent of any settlement obtained or money generated.
10              THE COURT:  Okay.  I was going to suggest that:  The
11    attorneys for the named plaintiffs will seek from the Court one
12    third of any settlement obtained, or money judgment entered, in
13    favor of the plaintiffs.
14              And, the addition of an additional line which says:
15    Any award of attorneys fees is subject to review and approval
16    by the Court.
17              Is that language -- is that language acceptable?
18              MR. LINTHORST:  Yes, your Honor.
19              MS. STEVEN WALSH:  Yes, your Honor.
20              THE COURT:  Okay.
21              Then the next issue is the defendants sought language
22    that the plaintiffs may be required to testify in New York.
23    That language is unnecessary, because it's highly speculative
24    whether the individual plaintiffs may, in fact, be required to
25    testify in New York.  And the comment may well discourage
```

C3R0WINC

1    putative class members from opting into the class when, on the

2    basis of a speculative fear which is, in fact, not realistic.

3    So that language doesn't have to be included.

4         Six, the defendants seek to add language in the

5    introduction to the listing of the defendant's counsel to the

6    effect that:  If you would like to provide information to

7    Citibank on a voluntary basis and have not returned consent to

8    join form, you may contact counsel for Citibank at the address

9    that is listed.

10        That language is unnecessary for the notice, for

11   obvious reasons.  If people want to contact the lawyers for

12   Citibank, they are there, they are listed, they are welcome to.

13   The notice is not intended to be a solicitation for additional

14   contacts with defense counsel.  It is completely neutral to

15   list defense counsel.  And anyone who wants to contact defense

16   counsel at that address or telephone number is welcome to do

17   so.

18        Finally, there is the issue of the information to be

19   provided with respect to potential opt-ins who may not have

20   timely claims under the FLSA, but may have timely claims under

21   New York law, and may be members of the class, but not of the

22   collective.  And some language is appropriate, but not all of

23   the language that defendants suggest.

24        So under who can join, certainly the first sentence

25   which the plaintiffs object to is wholly reasonable:  If you

C3R0WINC

1    were employed by Citibank in New York starting on or after

2    August 6th, 2004, but left the company prior to August 6, 2007,

3    you are not eligible to opt-in to the FLSA claims.  And this

4    notice is for informational purposes only.

5         That is a correct statement of the law, right?  Yes?

6    Plaintiffs, right?

7         MS. STEVEN WALSH:  Your Honor, it is technically a

8    correct statement of the law, but we think it is misleading.

9    We think an average layperson is going to read this language

10   and think I don't have an FLSA claim, so I shouldn't do

11   anything, I shouldn't contact plaintiff's counsel, tell them my

12   story, nothing.

13        THE COURT:  You know, the problem I have is that's a

14   correct statement of law, right?  It's not -- it's a correct

15   statement of the law, right?

16        MS. STEVEN WALSH:  Well, I would say that --

17        THE COURT:  What's going to happen is, if you want me

18   to reconsider the issue of sending out notice to people for a

19   six-year period because it may provide information for the

20   class, even though these are not people who have -- there are

21   some people here who do not have the right to opt-in if they

22   left and were not employees within the possible three-year

23   period.  If you want me to reconsider sending out the notice

24   for the six-year period, then I'm sure the defendants would be

25   happy to have me reconsider that.

C3R0WINC

1          The notice has to be fair, and it has to be accurate.

2    It can't be misleading.  That, I think you agree, is a correct,

3    fair statement of the law.  And so people should be advised

4    about that in a fair and neutral way.

5          Another way of dealing with this is just send out the

6    notice to the people who were employed in the three-year

7    period, and don't even bother sending it out to people going

8    back 6 years.  If you want me to do that, that's an option.

9    And I can do that.  The Courts are divided under that.  I

10   think, and I think experience shows, that sending out the

11   notice for the six-year period is better.  But if you want to

12   avoid any confusion or anything, we can just make this very

13   clearly only opt-in, and we can deal with the issue of the

14   class, down the road.

15         Do you want plea to do that?

16         MS. STEVEN WALSH:  No.

17         THE COURT:  No, I didn't think so.

18         Is the sentence accurate?

19         MS. STEVEN WALSH:  Yes.

20         THE COURT:  Fair statement of the law?

21         MS. STEVEN WALSH:  Yes, it is.

22         THE COURT:  Then that's what we'll do.

23         I don't understand the next sentence.  The sentence is

24   crossed out.  Is it a real issue?  I mean the plaintiffs don't

25   want it.

C3R0WINC

<pre>
 1              If you have already brought a lawsuit against Citibank
 2     for failure to pay overtime wages owed to you, you may not be
 3     eligible for this lawsuit.
 4              And I don't recall that there is a big discussion
 5     about it in the papers.
 6              MR. LINTHORST:  Yeah, I don't believe we did discuss
 7     this specifically.  I think it's an accurate statement that, if
 8     asserted, your FLSA claim somewhere else, or already asserted
 9     it and compromised it, then you may not be eligible to
10     participate here.
11              THE COURT:  But are there any people that you know of
12     who did that?
13              MR. LINTHORST:  I can't cite anyone here, but there is
14     a lot of people that we're talking about around the country
15     going back several years, so it is certainly possible.
16              THE COURT:  What's the plaintiff's position on that
17     sentence?
18              MS. STEVEN WALSH:  We're unaware of anybody who had
19     overtime --
20              We are unaware of any other personal bankers who
21     have --
22              We are unaware of any individual cases by personal
23     bankers who have overtime claims.
24              I mean there is a case that's pending in California.
25     That's all we're aware of, but we're not --
</pre>

C3R0WINC

1            THE COURT:  The people in -- is it true, by the way,

2      that if you brought a lawsuit, and if the lawsuit had not been

3      resolved yet, that you're then ineligible to opt-in to this

4      class?

5            MR. LINTHORST:  I believe it would be true, because

6      you would be splitting your claim.  If you have a claim for

7      overtime for an hour of work, you don't get to file one legal

8      theory for that overtime, and in one court, and separately in a

9      different court.

10           THE COURT:  Even before there has been a decision?

11           MR. LINTHORST:  Yes.  Under a claim-splitting theory,

12     res judicata has not yet attached but, still, we don't want two

13     courts deciding the same question.

14           THE COURT:  The people in California, are they

15     precluded from opting into this action?

16           MS. STEVEN WALSH:  No.

17           MR. LINTHORST:  My understanding of the California

18     case, and I'm not counsel in that case, but I believe that

19     there is at least one or two actions.  If you are a named

20     plaintiff and you have asserted your claim in California court,

21     I believe that you should assert all of your claims arising

22     from your transactional event in that court.

23           THE COURT:  Well, it would seem to me that if there is

24     a dispute, the place to resolve the dispute is if a person opts

25     in to this class, and they shouldn't opt in, then they can be

C3R0WINC

 1      stricken without advising them at the outset on a subject that

 2      the parties disagree with and that wasn't really raised in the

 3      in the correspondence.

 4              So I would take out that sentence, If you have already

 5      brought a lawsuit.

 6              On the other hand, it's unnecessary to repeat, again,

 7      in the Please Note section, the sentence:  Individuals in New

 8      York who have timely New York State law claims, but do not have

 9      timely FLSA claims, may not opt-in to the FLSA claims.  Having

10      laid out the principle ones, it's not necessary to repeat it.

11              And it's not necessary to include the additional

12      language which the plaintiffs would cross out on the bottom of

13      section -- on the bottom of the third page, or second page

14      under effect of joining the suit:  In addition if you file a

15      consent to join a collective action form, your continued right

16      to participate will depend upon a later decision of the Court,

17      et cetera.  I don't see any reason to include it.  And it could

18      well be confusing.

19              I think that deals with all of the objections and

20      suggestions.  Anything else?

21              MR. LINTHORST:  Not from defendant, your Honor.

22              MS. STEVEN WALSH:  Your Honor, I have one

23      clarification question.

24              In terms of the language regarding depositions in New

25      York, were you suggesting that we take out the reference to any

```
 1   need for deposition, or just that the deposition will take
 2   place in New York?
 3             THE COURT:  It was meant to take out any
 4   depositions --
 5             MS. STEVEN WALSH:  Okay.
 6             THE COURT:  -- frankly.
 7             MR. LINTHORST:  Your Honor?
 8             THE COURT:  Yes.
 9             MR. LINTHORST:  The only issue that we were discussing
10   was whether or not they would have to testify in Court in New
11   York.  And the Court ruled that we would take it up.
12             THE COURT:  No, I know that.  Direct me to language --
13   oh, I'm sorry, no.  No.  No, you're right.  I mean the --
14             MR. LINTHORST:  As I understood it, we were just --
15             THE COURT:  No, no.  I had understood the plaintiff to
16   be objecting specifically to the concept of testimony in New
17   York as unnecessarily burdensome on the plaintiffs and possibly
18   discouraging to the plaintiffs.  And the proposed notice that
19   the plaintiffs gave me, struck only, quote, "in New York," from
20   the paragraph about the possible obligations of the plaintiff.
21   And I think that's fair.  So it's only "in New York" that is
22   stricken.
23             MS. STEVEN WALSH:  Thank you.
24             THE COURT:  All right.
25             No other questions about the notice, right?
```

C3R0WINC

```
 1              MR. LINTHORST:  Correct, your Honor.

 2              MR. MacFALL:  Correct, your Honor.

 3              THE COURT:  Yeah.  And from the plaintiffs, no other

 4    questions, objections, problems?

 5              MS. STEVEN WALSH:  No, your Honor.

 6              THE COURT:  Okay.

 7              How is the case going?

 8              MS. STEVEN WALSH:  It's moving.

 9              THE COURT:  Refresh my recollection on whether I

10    suggested that you speak with the magistrate judge.

11              MS. STEVEN WALSH:  Yes, you did, your Honor.  And we

12    have already had a conference before Judge Katz.  And we have

13    established deadlines for discovery and for defendant's motion

14    for decertification, if they choose to file one.

15              THE COURT:  And you spoke to the magistrate judge

16    about the possibility of settlement?  Or no.

17              MS. STEVEN WALSH:  Yes, we did.  We addressed it very

18    briefly.

19              THE COURT:  You did.  And that was unsuccessful?

20              MS. STEVEN WALSH:  Unfortunately, yes.

21              THE COURT:  Because you're still here.

22              MS. STEVEN WALSH:  Yes.  That's right.

23              THE COURT:  Okay.

24              Is there anything further that you need from me in

25    order to help you with the progress of the litigation?
```

C3R0WINC

1          MS. STEVEN WALSH:  No, your Honor.

2          MR. LINTHORST:  No, your Honor.

3          THE COURT:  Okay.  Always good to see you.

4          MR. LINTHORST:  Thank you your Honor.

5          MR. MacFALL:  Thank you, your Honor.

6          MS. STEVEN WALSH:  Thank you, your Honor.

7          THE COURT:  But not so many of you.

8          MR. MacFALL:  Understood.

9          (Adjourned)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25